In re INTERNAL REVENUE
SERVICE, Movant,

v.

Elias BACHA, Respondent.

Bankruptcy No. 92–1–1924–SD.
Motion No. 24–1.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Dec. 29, 1993.

Beverly A. Moses, Washington, DC, for movant I.R.S.

Edward M. Kimmel, Washington, DC, for respondent Elias Bacha.

### *MEMORANDUM OPINION*

. DUNCAN W. KEIR, Bankruptcy Judge.

This Court held a hearing upon the Motion for Relief from Stay filed by the Internal Revenue Service in the above-captioned matter. Counsel for the Movant and Respondent appeared and stipulated on the record as to the facts. The Internal Revenue Service seeks to vacate the Automatic Stay imposed by 11 U.S.C. § 362(a) for "cause" as that term is employed by 11 U.S.C. § 362(d)(1). The IRS avers and it is stipulated by the Debtor that the Debtor has failed to file income tax returns for the last ten years. As a consequence, the Internal Revenue Service filed substitute returns for the years 1982 through 1986 and assessed an unpaid tax for those years of $133,241.30. On August 31, 1990, the Internal Revenue Service seized the Debtor's real property located at 6910 Blue Star Drive, McLean, Virginia, and scheduled the same for sale on September 21, 1990. The day before the sale was scheduled to take place, the Debtor filed a prior Chapter 11 bankruptcy case. Ten months later that prior case was dismissed by the Debtor.

Upon the dismissal of the prior case, the Internal Revenue Service rescheduled the sale of the Debtor's property for April 1,

1992. On that date, the Debtor filed this Chapter 11 bankruptcy case. In the ensuing year, the Debtor has not filed a disclosure statement or plan of reorganization.

■ The Debtor argues in response that the property value is in excess of the total amount of taxes claimed and therefore, the service is adequately protected. The Debtor further asserts that the provision of adequate protection is an absolute defense to any action under 11 U.S.C. § 362(d). The Debtor introduced no evidence as to the value of the property and the value of the property was not stipulated to by counsel. As a result, there is no evidence from which this Court may find any fact concerning that value. The Debtor has argued that it is the burden of the Movant to establish that the Debtor does not have any equity in the property.

■ It is clearly stated in 11 U.S.C. § 362(g)(1), that the Movant has the burden of proof on the issue of the Debtor's equity in property. However, the Movant has not sought to assert a right for relief from the automatic stay under 11 U.S.C. § 362(d)(2), which subsection would require a showing that the Debtor does not have equity in the property. Rather, the Debtor has asserted that there is adequate protection to protect the Internal Revenue Service from the effects of the automatic stay. The Debtor seeks to do this by having this Court find that there is a cushion of value above the lien of the Internal Revenue Service and the Debtor bears the burden of establishing such adequate protection.

■ Even if such a cushion existed, the provision of economic adequate protection by such a cushion would not necessarily protect the Debtor against all actions under 11 U.S.C. § 362(d)(1). That subsection states:

(1) *for cause,* including the lack of adequate protection of an interest in property of such party in interest; (emphasis added).

11 U.S.C. § 102(3) construes the term "including" to not be limiting. Thus it is clear that cause, other than a lack of adequate protection, may be the basis for relief from the automatic stay. It follows that since an absence of adequate protection is not the only grounds for relief from the automatic stay, the presence of adequate protection is not necessarily a defense for all causes.

The Internal Revenue Service is asserting that the Debtor has abused the process of bankruptcy by filing twice to avoid an imminent sale by the Internal Revenue Service. In further evidence of such abuse, the IRS points out that the Debtor has not filed tax returns for ten years. In response, the Debtor has averred that it disputes the amount of taxes assessed by the IRS and has sought discovery under Rule 2004 in order to establish the proper amount of taxation due.

During the hearing, this Court took notice of the fact that there was an Order Granting Motion for Rule 2004 Examination entered by this Court on December 18, 1992. The Debtor has not taken any of the examinations for which it was granted authority under that Order. Counsel professed to be ignorant of the existence of that order, even though the order bears an entry showing that it was to be mailed to the Debtor's attorney. It is the responsibility of parties to be knowledgeable of the Court's file, particularly where a year has gone by since the Motion for Rule 2004 Examination.

■ Certainly, abusive, repetitive, filings of bankruptcy cases when coupled with utter disregard for other legally required duties, such as filing of tax returns, may form the basis for a finding that cause exists for relief from the automatic stay. *Federal Land Bank of Jackson v. Choctaw Boundary Farms, Inc.,* 72 B.R. 638 (Bankr.S.D.Miss. 1987).

Based upon the evidence before the Court and the arguments of counsel, this Court finds that cause exists for relief from the automatic stay. The basis of cause includes the Debtor's repetitive filing on the eve of two successive scheduled sales by the Internal Revenue Service, the extended failure by the Debtor to file any tax returns, and the Debtor's failure within the present case to timely take any significant steps necessary to the formulation and filing of a plan of reorganization.